KM

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Tony Deng,

                Plaintiff,

v.

Unknown Henry, et al.,

                Defendants.

No.    CV-23-02389-PHX-JAT (JFM)

**ORDER**

       Pending before the Court is Plaintiff's "Motion for Clarification" (Doc. 8) and "Motion for Settlement and Closure of Docketing Fee" (Doc. 11).  The Court will grant the Motion for Clarification to the extent this Order clarifies why this case was dismissed and will deny the Motion for Settlement.

**I.**    **Procedural History**

       Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a February 2, 2024 Order, the Court required Plaintiff to either pay the $402.00 filing and administrative fees *or* file an Application to Proceed In Forma Pauperis, using the form attached to the Order, and a certified six-month trust account statement.  The Order also provided that "[i]f Plaintiff fails to either pay the $350.00 filing fee and $52.00 administrative fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff."  (Doc. 5 at 3.)

. . . .

On February 12, 2024, Plaintiff filed a Letter (Doc. 6), stating, "[p]lease take note that I have accepted your offer/presentment for value and consideration and I am returning it to you as an endorsed negotiable instrument to setoff the $350 filing fee and the $52 administration fee totaling $402 due on account # CV-23-02389-PHX-JAT (JFM)." However, Plaintiff did not pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis.

On March 25, 2024, the Clerk of Court entered a Judgment of dismissal (Doc. 7). Plaintiff subsequently filed the Motion for Clarification, a Notice of Appeal (Doc. 9), and the Motion for Settlement.

## II.    Motion for Clarification

In his Motion for Clarification, Plaintiff seeks "a better understanding of the basis of the Clerk's Judgment entered on 3/35/2024."  Plaintiff asserts that he "complied with the Court's February 2, 2024 order by offering an endorsed instrument in accord with A.R.S. § 47-3104 and A.R.S. § 47-3204[1] to offset the filing and administration fee due on case # CV 23-02389-PHX-JAT (JFM)."

Plaintiff did not comply with the February 2, 2024 Order.  Despite clear instructions, Plaintiff chose not to pay the fees or file an Application to Proceed to Proceed In Forma Pauperis.  Instead, he opted to file a letter containing assertions of the "sovereign citizen" ilk, which courts have repeatedly rejected as frivolous or meritless.  *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("nonsensical assertions of [individual] sovereignty and immunity" should be "rejected summarily, however they are presented"); *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir. May 13, 1999) (defendant's sovereign citizen argument was frivolous); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1992) (rejecting as "frivolous" defendant's argument that he is a "freeman" and thus not subject to the court's personal jurisdiction); *see also Williams v. Whiitington*, CV-22-00156-MTT-TQL, 2022 WL 1274396, at *2 (M.D. Ga. Apr. 28, 2022) (noting that so-called sovereign citizens "generally rely 'on the Uniform Commercial Code

---

[1] These statutes are part of Arizona's codification of the Uniform Commercial Code.

('UCC'), admiralty laws, and other commercial statutes'" (quoting *United States v. Perkins*, CR-10-00097-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013))).  Because Plaintiff declined to pay the fees or file a completed Application to Proceed In Forma Pauperis, the Clerk of Court dismissed this case without prejudice, as required by the Court's February 2, 2024 Order.  Accordingly, Plaintiff's Motion for Clarification is granted insofar as this Order explains why this case has been dismissed.

**III.     Motion for Settlement and Closure of Docketing Fee**

Plaintiff's "Motion for Settlement and Closure of Docketing Fee" (Doc. 11) offers similar non-sensical assertions with respect to the appellate filing fee.  In that Motion, Plaintiff states that he "accepted the 9th Circuit Court of Appeals' presentment . . . for value and consideration" and asks the Clerk of Court "to settle the $605 docket fee due on account #24-1960 using this instrument."  The Court will deny the Motion.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Clarification (Doc. 8) is **granted in part** to the extent this Order explains why this case was dismissed and **denied** with respect to all other relief requested.

(2)     Plaintiff's Motion for Settlement and Closure of Docketing Fee (Doc. 11) is **denied**.

(3)     This case must remain **closed**.

Dated this 18th day of June, 2024.

James A. Teilborg
Senior United States District Judge

- 3 -